Andrews, J.
It is conceded by the counsel for the various defendants that Fishel is a material and necessary witness for the plaintiffs. The affidavits as to his physical condition, upon which the orders for his examination were granted, made out a prima facie case, under the statute, for such examination. The most that can be claimed in regard to the affidavit of Dr. Fowler is, that it raises a doubt as to how serious his sickness is, and as to whether it may terminate fatally at an early day. Such a doubt would not justify me in vacating these orders, for the plaintiffs should not be compelled to take the risk of losing his testimony. Hor can I vacate the orders, because it is suspected that, after his examination has been taken, he may be released from close confinement and may then leave the State, and not appear upon the trial, for the suspicions of counsel or their Clients are not legal proof. I am of the opinion, however, that *41 there is no authority of law for taking his testimony in the manner proposed.- Each defendant is not only entitled to have a separate cross-examination, but also a separate examination in chief. It does not follow that the orders should be vacated, for as six orders, each entitled in all the actions, were obtained, the orders served upon the respective attorneys should be regarded as though entitled in one case only. With regard to the action against the Fourth National Bank, plaintiff’s attorney claims that the testimony given by Fishel upon the trial of that action was not as full as it might have been, and that there is as much necessity for examining him in that action as in the others. The motions to vacate the orders for Fishel’s examination must all be denied, but without costs.